UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| THOMAS W. JULIAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00348-JPH-MKK |
| | ) | |
| DONALD J. TRUMP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER REGARDING REFUNDS, DISMISSING ACTION, AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiffs Thomas Julian, Jerald Crooke, Ryan Schroeder, Gregory Thomas, Daniel Stovall, Lloyd Elder, and Kevin Davis ("Plaintiffs") are prisoners incarcerated at Wabash Valley Correctional Facility. They filed this civil action together generally alleging that President Donald Trump is in violation of the Constitution. The Court screened and dismissed the complaint for failure to state a claim upon which relief can be granted. Dkt. 38. The Court allowed Plaintiffs an opportunity to file an amended complaint, which they have done. Dkt. 41. The Court now screens the amended complaint.

As an initial matter, Randy McKinnie is **dismissed** from this action. In the Court's Order Dismissing Complaint, Mr. McKinnie was provided an opportunity to file a separate response to the show cause order. Dkt. 38 at 9-10. Mr. McKinnie has not filed any response or amended complaint separate from the Plaintiffs listed above. Accordingly, he is dismissed from this action without prejudice.

Because Plaintiffs are incarcerated, this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

The Court accepts Plaintiffs' factual allegations as true at the pleading stage but not their legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)). The amended complaint names two defendants: (1) Donald J. Trump; and (2) Chief Justice John Roberts. Dkt. 41 at 1. The allegations of the amended complaint are largely identical to the

allegations of the original complaint. *Compare* dkt. 2 *with* dkt. 41. The amended complaint does include new sections citing legal authorities that Plaintiffs believe are applicable to this action, which the Court discusses below. Dkt. 41 at 2-3.

In their amended complaint, Plaintiffs allege that President Trump does not qualify to hold the office of the presidency due to being found guilty of 34 felony counts in a New York criminal case. *Id.* at 1-2. Plaintiffs allege that President Trump was convicted by a New York jury on 34 counts "in a scheme to illegally influence the 2016 election through a hush money payment to a porn actor who said the two were having sex . . . ." *Id.* at 2. Plaintiffs also allege that, when asked whether he would uphold the Constitution on national television, President Trump responded "I don't know." *Id.* Plaintiffs believe President Trump violated the Constitution before he was sworn in as president. *Id.*

Plaintiffs allege that "the Legislatures," Congress, and Chief Justice Roberts are "all involved in this 'scandal.'" *Id.* Plaintiffs believe that these defendants were in violation of the Constitution by "allowing this major violation/fraud 'an act of deceiving and/or mispresenting the truth!'" *Id.* (cleaned up). Plaintiffs allege that all defendants participated in a "major conspiracy/scandal/fraud" for violating the Constitution by allowing President Trump to be sworn in as president. *Id.*

Plaintiffs seek to have President Trump impeached. *Id.* at 3. They allege violations of the Fourteenth Amendment. *Id.* They also seek monetary damages. *Id.* at 5.

## III. Dismissal of Complaint

Although Plaintiffs do not have to plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), they have identified the theories they wish to use—the Fourteenth Amendment and impeachment. Where a pro se litigant has expressly stated the legal theory he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the court analyzes Plaintiffs' claims only under the theories they have identified.

Applying the screening standard to the facts alleged in the amended complaint, the amended complaint must be **dismissed.** Plaintiffs' amended complaint fails to meaningfully address the standing issues identified in the original screening order. Even if Plaintiffs did have standing to sue, the amended complaint fails to state Fourteenth Amendment claims via Section 1983 or *Bivens*.

### A. Plaintiffs lack standing to sue

As the Court explained in its original screening order, Article III of the Constitution requires a plaintiff to have standing to bring a claim in federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The "irreducible constitutional minimum" of standing consists of three elements: the plaintiff "must have suffered (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) is likely to be redressed by a

favorable judicial decision." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016). These elements are "an indispensable part of the plaintiff's case." *Lujan*, 504 U.S. at 561.

Plaintiffs have failed to assert an injury in the amended complaint. While they each state that being a felon has affected them in various ways, dkt. 41 at 3-6, that does not constitute an injury in fact fairly traceable to the challenged conduct of President Trump and Chief Justice Roberts. *Spokeo*, 578 U.S. at 338. Plaintiffs' amended complaint does not allege that they suffered any consequence, physical or otherwise, from Defendants' conduct. Without alleging an injury, Plaintiffs lack standing to sue. *See Thomas v. LVNV Funding, LLC*, 132 F.4th 992, 996 (7th Cir. 2025).[1]

The amended complaint does include a new section related to judicial immunity, which states: "Judicial Immunity does not extend to the administrative, legislative, or executive function that judges may on occasion be assigned by law to perform." Dkt. 41 at 3 (citing *Forrester v. White*, 484 U.S. 219, 227 (1988) (cleaned up). But judicial immunity is an affirmative defense that the Court declines to address because Plaintiffs' amended complaint does not rectify the standing issues discussed above.

[1] To the extent that a dismissal for lack of standing is properly considered a dismissal for lack of jurisdiction instead of a dismissal for failure to state a claim upon which relief may be granted, the Court finds that Plaintiffs' invocation of federal jurisdiction and this entire suit were legally frivolous. Their claims of standing and the substance of their claims have no arguable basis in law.

**B. Plaintiffs' Section 1983 claim is futile because the individuals are not state actors**

Even if Plaintiffs had standing, they cannot proceed under 42 U.S.C. § 1983 because they did not name any state actors as defendants. Plaintiffs argue "they fully understand they can file a lawsuit under 42 [U.S.C.] § 1983 against a state, or official in their professional capacity if we are seeking monetary damages . . ." Dkt. 41 at 3. They go on to state that they "are challenging and suing for the constitutionality of a statute or policy." *Id.* But Plaintiffs' amended complaint does not name any *state* actors. The amended complaint names only President Trump and Chief Justice Roberts. Neither of these individuals is a state actor, so they do not act under the color of state law for purposes of a Section 1983 action. Section 1983 "provides a cause of action for the deprivation of constitutional rights by persons acting under color of **state** law." *Torres v. Madrid*, 141 S. Ct. 989, 994 (2020) (emphasis added).

**C. Plaintiffs *Bivens* claim is presented in a new context and precluded by *Egbert***

The Court previously explained in its original screening order that Plaintiffs likewise failed to state a *Bivens* claim against the two federal individual defendants, President Trump and Chief Justice Roberts. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) "allows suits against federal employees for violation of constitutional rights." *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015); *see also King v. Federal Bureau of Prison*, 415 F.3d 634, 636 (7th Cir. 2005) (*Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42. U.S.C. § 1983 authorizes

such suits against state officers…"). But in the past four decades, the Court has declined to further extend the scope of available *Bivens* claims. *Egbert v. Boule*, 596 U.S. 482, 485-86 (2022) (listing cases).

In the amended complaint, Plaintiffs seek to proceed under the Fourteenth Amendment. Dkt. 41 at 3 (identifying sections 3 and 5). However, the Fourteenth Amendment does not apply to the federal government, *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954). The amended complaint makes no mention of any intent to proceed under the Fifth Amendment's Due Process clause. *See* dkt. 41. But even if it did, Plaintiffs' claims would present a new *Bivens* context. Accordingly, Plaintiffs' *Bivens* claims must be **dismissed for failure to state a claim**.

Plaintiffs also include two small sections on the Eleventh Amendment and reference immunity. Dkt. 41 at 2-3. But the Eleventh Amendment is not applicable to the amended complaint, where no State is the subject of suit. "'The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment.'" *de Lima Silva v. Dep't of Corrections*, 917 F.3d 546, 565 (7th Cir. 2019) (quoting *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005)). The only defendants listed in the amended complaint are President Trump and Chief Justice Roberts. The amended complaint's identification of the Eleventh Amendment does not give rise to any new claim against either of the individual defendants. Any claim based on the

Eleventh Amendment is therefore **dismissed** for failure to state a claim upon which relief can be granted.

Finally, the injunctive relief which Plaintiffs seek—for President Trump to be impeached—likewise fails to state a claim. "Impeachment is a political process by which Congress can remove a President who has committed 'Treason, Bribery, or other high Crimes and Misdemeanors.'" *Trump v. United States*, 603 U.S. 593, 634 (2024) (citing Art. II, § 4). Neither defendant can impeach President Trump.

The Court has not identified any viable claim for relief against any defendant. Plaintiffs' amended complaint must be dismissed.

**IV. Issuing Refunds**

Because only one filing fee of $405 is necessary for multi-plaintiff prisoners who are not proceeding *in forma pauperis*, *see Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004), with the exception of the first payment of $405, the plaintiff prisoners should be refunded all payments they have made to this Court on this case number.

- Thomas W. Julian to receive no refund as he paid the initial filing fee of $405.
- Jerald R. Crooke to receive a refund of $405
- Ryan Schroeder to receive a refund of $405
- Gregory N. Thomas to receive a refund of $405
- Daniel C. Stovall to receive a refund of $415[2]

[2] The $415 paid to Daniel C. Stovall includes the ten dollars ($10) paid to the Court by Wanda L. Williamson on his behalf. Dkt. 24.

- Lloyd T. Elder, Sr. to receive a refund of $405
- Randy McKinnie to receive a refund of $405
- Kevin L. Davis to no refund as he has not paid anything to the Court on this case number.

Plaintiffs are **ordered** to file any objections to the above listed refunds amounts no later than **November 30, 2026.** If no objections are filed by that date, the Court will direct the clerk to issue the refunds as they are stated herein.

**V. Conclusion**

Because the amended complaint does not cure the deficiencies discussed in the Court's screening Order, the action is now **dismissed** for the reasons stated above. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 11/5/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

THOMAS W. JULIAN
250340
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

JERALD R. CROOKE
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

RYAN SCHROEDER
231818
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant-Court Only

GREGORY N. THOMAS
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

DANIEL C. STOVALL
961380
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

LLOYD T. ELDER, SR.
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

RANDY MCKINNIE
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

KEVIN L. DAVIS
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

FINANCIAL DEPUTY CLERK